# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON TAYLOR, | : | NO. 1:25-CV-01963 |
| Plaintiff, | : | |
| | : | (KANE, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| TRANS UNION, LLC, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

Under the Federal Rules, a plaintiff is required to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint, however, must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In this case, Defendant Trans Union, LLC, after removing Plaintiff Aaron Taylor's state court complaint, moved to dismiss under Rule 12(b)(6). Docs. 1, 5. Because the Complaint contains no factual allegations, the undersigned recommends that the Court dismiss the Complaint.

## I.   BACKGROUND

Taylor states no facts in the operative complaint, so the undersigned only provides the procedural history. *See* Complaint, doc. 1-2 at 3. On August 27, 2025, Taylor filed a civil action in the magisterial district court in Dauphin County, Pennsylvania. *Id.* at 2-3. On September 19, 2025, the Defendant received service of the Complaint. Notice of Removal, doc. 1 ¶ 2; *see also* doc. 1-2 at 3. Twenty-eight days later, the Defendant timely filed the Notice of Removal in this Court. *See* doc. 1.[1]

On October 27, 2025, the Defendant filed a motion to dismiss the Complaint. Doc. 5. Taylor, however, failed to file a brief in opposition, even though the Court ordered him to do so and *sua sponte* granted an extension of time. *See* November 24, 2025, Order, doc. 7. The Defendant's motion to dismiss is thus ripe for resolution.

---

[1] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . , or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified).

A district court must conduct a three-step analysis when considering the sufficiency of a complaint under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. Third, the court must

determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211, quoting *Iqbal*, 556 U.S. at 679. A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210, quoting *Iqbal*, 556 U.S. at 678. On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

The undersigned recommends that the Court dismiss the Complaint because it contains no factual allegations. *See* doc. 1-2 at 3. Aside from stating that the civil action is brought under "Fair Credit

Reporting Act," to obtain a judgment for "$1,000.00," the Complaint is devoid of material information, let alone well-pleaded factual allegations. Without factual allegations, the Complaint fails to state a claim for which relief can be granted.

Taylor's obligation at the pleading stage is not onerous. But he must, at minimum, plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). By pleading no factual allegations, Taylor did not comply with the Federal Rules and left the Defendant incapable of defending against the action.

## IV.   LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when a complaint is subject to dismissal for failure to plead with particularity, *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1435 (3d Cir.1997), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Taylor included no factual allegations in the Complaint, the undersigned cannot determine whether amendment in this case would be futile. As Taylor is proceeding *pro se* and has not yet had the opportunity to amend the Complaint, the undersigned respectfully recommends that the Court dismiss the

Complaint without prejudice.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that:

(1)   The Defendant's motion to dismiss (doc. 5) be **GRANTED**;

(2)   The Complaint (doc. 1-2) be **DISMISSED** without prejudice;

(3)   The Clerk of Court be directed to administratively close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: April 27, 2026                         s/ *Sean A. Camoni*
                                             Sean A. Camoni
                                             United States Magistrate Judge